IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TOP FLIGHT STEEL, INC.,**              )
                                          )
         **Plaintiff,**              )
                                          )
**v.**                                    )
                                          )  No. 06-2498-CM
                                          )
**CRR BUILDERS, INC.,**                   )
                                          )
         **Defendant.**             )
                                          )

## MEMORANDUM AND ORDER

Plaintiff Top Flight Steel, Inc. alleges that defendant CRR Builders, Inc. breached a contract, is liable under *quantum meruit*, and was unjustly enriched. This diversity case comes before the court on Defendant's Motion to Dismiss for Improper Venue (Doc. 4). Because the court finds enforcement of the forum selection clause appropriate, defendant's motion is granted.

### I.  Background

According to plaintiff's complaint, plaintiff and defendant contracted to build structures in Homestead, Florida and Lincoln, Rhode Island. Plaintiff alleges that defendant failed to pay plaintiff the full amount owed under these contracts. Defendant's motion highlights a clause in each contract that states, "Venue for dispute resolution arising out of this contract will be in Johnson County, KS." Neither party alleges that the contracts define "dispute resolution."

### II.  Analysis

Defendant contends that the quoted clause is a forum selection clause, mandating that venue lie in state court and requiring this court to dismiss this action. While sitting under diversity jurisdiction, federal courts examine forum selection clauses under federal law. *Kirk v. NCI Leasing,*

*Inc.*, No. 05-1199-MLB, 2005 WL 3115859, at *2 (D. Kan. Nov. 21, 2005) (citing *M.K.C. Equip. Co. v. M.A.I.L. Code, Inc.*, 843 F. Supp. 679, 682 (D. Kan. 1994)).  The Tenth Circuit views forum selection clauses as "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."  *Id.* (citing *Milk 'N' More, Ind. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992)).  Under federal law, venue is described by judicial districts, not counties.  *Red Mountain Retail Group, Inc. v. BCB, L.L.C.*, No. 05-2557-KHV, 2006 WL 1128685, at *2 (D. Kan. Apr. 27, 2006) (citing *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320–21 (10th Cir. 1997)).  As a result, if a forum selection clause specifies that venue lies in a county, and not a judicial district, the court will consider venue as intended to lie only in state district court.  *Id.*

Here, plaintiff does not argue that enforcement of the clause would be unreasonable because of the present circumstances.  Instead, plaintiff argues that the clause should not be enforced because: (1) the clause is not a forum selection clause related to litigation, arguing "'dispute resolution' is not litigation"[;] (2) even if the forum selection clause relates to litigation, it is not mandatory.

While plaintiff is correct that dispute resolution is not equivalent to litigation, plaintiff ignores that litigation is a form of dispute resolution.  The contract at issue did not define "dispute resolution."  Under the standard definition, it is a given that litigation is a method of dispute resolution.  Thus, because the clause refers to "dispute resolution," it includes "litigation."

Plaintiff's contention that the clause is not mandatory also fails.  Forum selection clauses are either mandatory or permissive.  *Kirk*, 2005 WL 3115859, at *3.  "'Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum'

-2-

[, whereas] permissive forum selection clauses 'authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere.'"  *Id.* (quoting *Excell, Inc.*, 106 F.3d at 321).

The plain meaning of the clause is that the appropriate forum for resolving disputes is Johnson County.  The phrasing "will be" is more similar to the mandatory phrasing "shall lie" than the permissive phrasing "may lie."  Any other forum would not be Johnson County, and would violate the clause.  This implies litigation elsewhere is prohibited, making the clause mandatory.

Because the clause mandates that venue lie in Johnson County, KS, the court finds that venue in federal court is inappropriate.  All of plaintiff's claims "arise out of" contracts containing the discussed clause.  Defendant's motion to dismiss is granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Improper Venue (Doc. 4) is granted.  The case is dismissed.

Dated this 2nd day of April, 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**